Deaderice, J.,
delivered the opinion of the Court.
The^ bill was filed in this cause, January, 1870, in the Chancery Court at Trenton, to enjoin an execution issued from the Circuit Court of Shelby *657 county, in favor of defQndant Budisell against complainant and others.
The bill alleges that a judgment was obtained in 1860 in favor of defendant Budisell against John D. Armour, maker; Jones & Beasley, first indorsers; and complainant, as second and last indorser of a promissory note for $1,123.87 and costs. IJpon this judgment some ten executions were issued to the sherilf of Shelby county, where Armour and Jones & Beasley lived.
Four of these executions issuing successively, the first tested of the September Term, 1860, at which time the judgment was rendered, were levied upon a lot in Memphis, and the sheriffs returned upon each that no sale was made for yvant of bidders.
Other executions, subsequently issued, were returned that a sale was made, but the bidders failed to comply with the terms of the sale. Others still were issued and levied, and returns made that no sale was made, for want of time to advertise.
Finally three lots were levied ón, and after the issuance of several orders of sale, were sold on the 26th August, 1869, to defendant Budisell for one hundred dollars each, making in all three hundred dollars, as the proceeds of sale.
Another execution for costs, issued in May, 1869, was returned no property found.
These are substantially the facts in relation to the issuance and returns of the executions, as they appear from a transcript of the record of the circuit court, filed as an exhibit to complainant’s bill.
*658 The defendant Rudisell then had an execution issued to Gibson county, which was levied upon the property of the complainants, and thereupon he filed his bill to enjoin the collection of the said judgment.
The bill alleges that Armour had property up to 1866 or 186*7; that Jones and Beasley were worth not less than twenty thousand dollars up to December, 1868, and that Armour being principal, and Jones and Beasley first indorsers, it was the duty of the sheriff to exhaust their property before resorting to complainants for satisfaction of said judgment.
The bill further charges that there was an understanding between plaintiff and Armour that the latter was to be favored, and that his property was not to be sold.
The complainants also filed an amended bill, charging that soon after the rendition of said judgments, he notified the plaintiff to make her money out of Armour and Beasley & Jones, and pointed out sufficient property of Armour for that purpose.
The defendant Rudisell demurred to the bill and amended bill, showing numerous causes of demurrer.
The ground relied upon by complainant for relief is that he was last indorser upon the promissory note, upon which the judgment was rendered, and that he has, therefore, the right to require the plaintiff to seek satisfaction, primarily, out of those who were first liable on the promissory note.
Upon negotiable paper indorsed before due, each *659 indorser undertakes to pay, if the parties standing before him on 'the note fail to pay.
The first indorser undertakes for the maker, and they are all liable to the holders. This is the rule of liability on real as well as accomodation paper, in the absence of any special agreement-in relation to the latter. The holder, however, may sue any one or more of the parties at his election, leaving them to their remedies as against each other. If the holder obtain a judgment against all, he is under no legal obligation to see that the execution issuing upon such judgment shall be levied upon the property of one rather than another. They are all equally bound to him.
The Code, however, contains provisions for the benefit of securities and indorsers even after judgment.
Sections 3028 to 3031 inclusive, provide that it shall be the duty of the officer having a judgment or decree to collect, to exhaust the property of the principal before resorting to that of the surety. The term “surety” is defined to embrace “accommodation indorsers, stayors, and all other persons whose liability on the debt or contract is posterior to that of another.” The surety, if so requested by, the officer, shall show the property of the principal, in order to entitle himself to the benefits of this provision.
The officer is directed, after exhausting the principal’s property, to subject the property of the *660 other parties in tbe order of their liability. But all parties will be considered equally liable unless the order of liability is shown to the court, and recited in the judgment or decree, and in the execution.
In the absence of any proof, the presumption' of law is that the making and indorsement of negotiable paper are for value received, rather than for accommodation. But so far as the provisions of the Code referred to are in question, we are of opinion that they apply as well to indorse-ments for value as for accommodation.
The sec. 3029 defines the term “surety” to mean accommodation indorsers, stayors, and all other persons whose liability on the debt or contract is posterior to that of another. "We have seen that the liability of the second indorser on the note or contract is subsequent of that of the first upon real as upon accommodation paper, and such indorser would therefore fall within the provisions of the statute.
But these provisions are merely directory to the sheriff or other collecting officers, and if he disregard the requirements of the statute by selling the surety’s property, the sale will be valid, and the officer would be liable to the surety in damages: 8 Head, 533; 7 Hum., 59; but the rights of the plaintiff in the execution are not affected, or in any degree impaired thereby.
Although it is not distinctly alleged in the bill that there was any contract between the plaintiff *661 in tbe execution and tbe first indorser or tbe maker for delay, yet, if alleged, it would not constitute sufficient ground for tbe relief prayed.
In 10 Yer., 113, 114, it is beld that tbe contract for delay of execution after judgment between creditor and principal, cannot affect the remedies of tbe surety, and be is not injured by it, and tbe surety, after judgment, is bound for tbe debt. He might pay tbe judgment or tbe bill or note before judgment, and have bis remedy against antecedent parties.
Tbe decree of tbe Chancellor sustaining tbe demurrer will be affirmed.